UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MOSES CUELLO,                                    **COMPLAINT**

                Plaintiff,      **Index No.: 18-cv-3945**

    -against-

NEW YORK CITY CORRECTION OFFICER
CHRISTIAN TOLOMELLO (Shield 4338) and
CORRECTION OFFICER JANI (Shield 17359),

                Defendants.

------------------------------------------------------------x

## INTRODUCTORY STATEMENT

1. This is a negligence and civil rights action brought by plaintiff MOSES CUELLO under the laws of the State of New York and pursuant to the Fourteenth Amendment to the United States Constitution, 42 USC §§ 1983 and 1988. While being screened for intake at Manhattan Detention Center, a NYC Department of Correction jail, plaintiff pleaded with the intake officer not to place him in a holding pen with a rival gang member. Nevertheless, defendants, NYC CORRECTION OFFICERS TOLOMELLO and JANI, placed plaintiff and a rival gang member in the same holding pen. Immediately thereafter, the rival gang member attacked plaintiff and broke his jaw. Plaintiff now seeks redress against defendants for their negligence and failure to protect.

## PARTIES

2. On February 6, 2017, Plaintiff Moses Cuello was a pre-trial detainee in Manhattan Detention Complex, which is located in New York County.

3. At all times hereinafter mentioned, the individually named defendants CORRECTION OFFICERS TOLOMELLO and JANI were duly sworn employees of Manhattan Detention Complex, New York City Department of Corrections and were acting under the supervision of said jail and according to their official duties, and were the individuals responsible for ensuring the safety of plaintiff, in particular ensuring that he would not be placed in housing units that would subject him to gang related assaults.

4. At all times hereinafter mentioned the defendants were acting under color of state law. Each and all of the acts of the individual defendants alleged herein were done by said defendants while acting within the scope of their employment with the New York City Department of Correction.

## STATEMENT OF FACTS

5. On or about February 6, 2017, Defendant, Correction Officer JANI, processed plaintiff's intake upon his arrival at Manhattan Detention Complex ("MDC").

6. As part of the intake process and procedure, pursuant to the City of New York Department of Corrections ("NYCDOC") policy, defendants are required to abide by the NYCDOC arraignment and classification policy, including completing form ARC239M, which includes several inquiries regarding gang affiliation.

7. Defendant JANI failed to comply with NYCDOC arraignment and classification policy by failing to complete the requisite ARC 239M form and by failing to note plaintiff's gang membership and/or affiliation.

8. The NYCDOC maintains directives and Chief's Orders directing that the strict compliance with the NYCDOC arraignment and classification policy is necessary to ensure the safe and proper housing of all inmates. Defendant JANI at the time he completed plaintiff's intake knew, or should have known, that strict compliance with the

2

arraignment and classification risk screening process is necessary to ensure safe housing of inmates. Defendant JANI'S failure to do so placed the plaintiff in imminent danger of an assault and plaintiff was in fact assaulted immediately upon being placed in housing with a rival gang member.

9. As a result of Defendant JANI'S failure to complete the ARC 239M form during the intake process, plaintiff was placed in an intake holding cell with a rival gang member.

10. Plaintiff requested that he not be placed in the holding cell with rival gang members.

11. Prior to being placed in the holding cell, rival gang members shouted instructions to another detainee, also a rival gang member, to attack plaintiff.

12. While the attack on plaintiff was being ordered by rival gang members, defendant TOLOMELLO was supervising the inmates in the holding cell and adjacent holding cells and was within earshot of the imminent threats.

13. Defendant TOLOMELLO nevertheless ignored plaintiff and the conversations among the rival gang members and placed plaintiff in the holding cell with the rival gang member.

14. As a result of defendants' actions, plaintiff suffered serious injuries, including a broken jaw.

## FIRST CLAIM

### FEDERAL § 1983: FAILURE TO PROTECT

15. Plaintiff repeats, reiterates and realleges each and every allegation contained above with the same force and effect as if fully set forth herein.

16. By reason of the foregoing, the individually named defendants violated plaintiff's federal constitutional rights when they failed to protect plaintiff from the foreseeable risk of attacks by other detainees.

17. The individual defendants also breached their duty to adequately supervise those under their care.

18. As a direct and proximate result of defendants' conduct, plaintiff sustained damages in excess of the jurisdiction of all lower courts.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that the Court grant the following relief jointly and severally against defendants:

1. Compensatory damages in an amount to be determined at trial;

2. Punitive damages in an amount to be determined at trial;

3. An order awarding attorneys' fees and costs along with all applicable interest; and

4. Such other or further relief as the Court may deem appropriate.

5. A jury trial is demanded.

Dated: Bronx, New York
May 2, 2018

PAULOSE & ASSOCIATES PLLC
Attorneys for Plaintiff
5676 Riverdale Avenue, Suite 314
Bronx, NY 10471
347 275 4883

By:

*/s/ Jasmine Guadalupe*
JASMINE E. GUADALUPE, ESQ.
JG0623

4