

| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | EVAN BRUSTEIN<br>*Senior Counsel*<br>Phone: (212) 356-2651<br>Fax: (212) 356-3509<br>Email: ebrustei@law.nyc.gov |
|---|---|---|

June 11, 2018

**By ECF**
Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10038

    Re: Moses Cuello v. Correction Officer Christian Tolomello, et al.
       18 CV 3945 (LAK) (KHP)

Your Honor:

  I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to the above-referenced matter. By way of background, plaintiff alleges that, on or about February 6, 2017, Correction Officer Christian Tolomello and Correction Officer Jani failed to protect plaintiff from the foreseeable risk of attack by other detainees. See generally Complaint, at Docket Entry No. 1. I write with the hope that the Court will, sua sponte, enlarge the time within which Correction Officer Tolomello and Correction Officer Jani may answer the Complaint or otherwise respond from June 13, 2018, up to and including August 13, 2018. I reached out by email to plaintiff's counsel, Jasmine Guadlupe, Esq. on Friday, June 8, 2018, but have not heard back from her.

  According to the civil docket sheet, Officer Tolomello and Officer Jani were served with the Complaint, and their time to answer or otherwise respond to the complaint is June 13, 2018. See Docket Entry Nos. 10, 11. This Office, however, has not discussed the manner of service with Officer Tolomello and Officer Jani and we make no representation herein as to the adequacy of the service upon them. Assuming that Officer Tolomello and Officer Jani were properly served, the enlargement may allow this Office time to conduct an inquiry to determine whether this Office will represent them in this action. See General Municipal Law § 50(k); Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

  There are several reasons for an enlargement of time in this matter. In accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need

time to investigate the allegations set forth in the complaint. Because plaintiff has alleged physical injury, as a result of the events complained of, this Office has forwarded for plaintiff's execution a HIPAA-compliant consent and authorization form for the release of plaintiff's medical records concerning treatment plaintiff received as a result of the alleged incident, so that this Office can access the information, evaluate the claims in the complaint, and properly respond to the allegations therein. Furthermore, this Office will need time to request and obtain documentation relating to this alleged incident, if any, that may be in the possession of the Department of Correction. An enlargement of time in this matter is necessary to allow sufficient time to acquire the documentation necessary to proceed with this case.

No previous request for an extension of time to respond to the complaint has been made by this Office. Accordingly, this Office hopes that the Court will <u>sua sponte</u> grant an extension of Correction Officer Tolomello and Correction Officer Jani's time to answer or otherwise respond to the complaint from June 13, 2018 until August 13, 2018.

Thank you for your consideration herein.

Respectfully submitted,

/s/

Evan Brustein
*Senior Counsel*

cc:   **BY ECF:**
Jasmine Guadalupe, Esq.
Paulose & Associates PLLC
5676 Riverdale Avenue, Suite 314
Bronx, New York 10471
(347)275-4883